

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2007

# Jiang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4682

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Jiang v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1784.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1784

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-80                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-4682

———————

CHAO JIANG,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent

———————

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. 76-095-006)

———————

Submitted For Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 21, 2006

———————

Before: Barry, Ambro and Fisher, <u>Circuit Judges</u>.

(Filed: January 10, 2007)

———————

OPINION

———————

PER CURIAM

        Chao Jiang, a native and citizen of China, petitions for review of an order of the

Board of Immigration Appeals (BIA) denying his motion to reopen his removal

proceedings. The Government moves for a summary affirmance of the BIA's order. We will grant the Government's motion and deny the petition for review.

In 1998, Jiang entered the United States and filed an application for asylum and withholding of removal based on his wife's sterilization in China. An individual hearing was scheduled for December 1999, but Jiang and his former attorney arrived more than two hours late for this hearing. The Immigration Judge ordered Jiang's removal from the United States because of Jiang's failure to appear at the hearing. Jiang filed a motion to reopen with the IJ, but that request was denied. In 2001, the BIA affirmed the denial of the motion to reopen, reasoning that Jiang had failed to demonstrate that his failure to appear was because of exceptional circumstances.

More than five years later, Jiang has filed another motion to reopen with the BIA contending that he should benefit from equitable tolling because he has received ineffective assistance of counsel and is prima facie eligible for asylum. In October 2006, the BIA denied the motion to reopen, concluding the motion had been filed out of time and Jiang had failed to exercise due diligence.[1] The BIA determined that Jiang should have discovered the ineffective assistance of his former counsel when the Immigration Judge first denied the motion to reopen, and that this ineffectiveness should have been even "more evident" when the BIA dismissed Jiang's appeal in 2001. Jiang now petitions

---

[1] Although Jiang acknowledged in his second motion to reopen that it was outside both the time and numerical limits set for such motions, the BIA did not address the question of whether the motion was outside the numerical limits. The parties do not raise this issue on appeal, and therefore we will not address the question.

this Court for review of this decision and moves for a stay of removal.

We review a final order of the BIA denying a motion to reopen for abuse of discretion. Mahmood v. Gonzales, 427 F.3d 248, 250 (3d Cir. 2005). Generally, a motion to reopen must be filed before the BIA no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). The deadline for filing a motion to reopen may be equitably tolled by a showing of ineffective assistance of counsel; however, the alien must show that he has exercised due diligence in pursing his claim. See Mahmood, 427 F.3d at 252-53.

Here, Jiang allowed more than five years to elapse before filing a second motion to reopen. On appeal, Jiang attempts to justify this delay based on his former counsel's alleged failure to inform Jiang about the rationale for the Immigration Judge's initial removal order. Jiang also contends that he was not aware of his former counsel's negligence until Jiang obtained a full copy of the record through the Freedom of Information Act (FOIA). Even if true, these allegations do not show that Jiang exercised due diligence in pursuing his claim. The BIA affirmed the IJ's denial of Jiang's initial motion to reopen in 2001. However, Jiang did not request a copy of the record under FOIA until years later. Under these circumstances, we conclude that the BIA did not abuse its discretion in denying Jiang's motion to reopen.

Because this appeal does not raise a substantial question, the Government's motion for summary affirmance is granted. We will deny the petition for review. Jiang's motion

3

for a stay of removal is denied.